CHARLES NICHOLSON *vs.* MERCANTILE MARINE INSURANCE COMPANY.

In a policy insuring a ship for a voyage "to a port on the north side of Cuba, (with the liberty of a second port thereon,) and at and thence to" the home port, for a premium to be enlarged "if second port in Cuba is used," the liberty of a second port in Cuba is limited to the north side of the island.

CONTRACT on a policy of the defendants insuring the plaintiff in the sum of $3000 " on freight of the barque Gem of the Sea, at and from Boston to Charleston, South Carolina, at and thence to a port on the north side of Cuba, (with the liberty of a second port thereon,) and at and thence to port of discharge in the United States north of Hatteras," for a premium of " four and a half per cent., to add a quarter of one per cent. if second port in Cuba is used."

The barque sailed from Boston to Charleston, and from Charleston to Havana, which is a port on the north side of Cuba.  At Havana she was chartered to sail to Cienfuegos, a port on the south side of Cuba; and she sailed from Havana to Cienfuegos, took in cargo there, and sailed thence for Boston, on which final passage the freight was totally lost by a peril covered by the policy, if the policy was then in force.

These facts were agreed, and the sole question was, whether there was a departure which avoided the policy before the loss.

*W. A. Field,* for the plaintiff.

*W. Curtis,* for the defendants, was stopped by the court.

AMES, J.  It appears to us to be the plain and obvious meaning of this policy, that, after going to a port on the north side of Cuba, the vessel might proceed to another port on the same side

of the island. To give it the meaning contended for by the plaintiff would be contrary to the grammatical construction and natural interpretation of the terms in which the parties have embodied their contract. The description of a voyage to a port on the north side of Cuba, "with the liberty of a second port thereon," can only mean that the second port is to be on what has already been specified, namely, the north side. In this connection, the word "thereon" has exactly the same meaning as if the expression had been "on the same." It is unusual and incorrect to speak of a port as on an island, though very proper to describe it as on the coast or side of an island. The plaintiff's construction of the sentence requires us to translate "thereon" into "on Cuba." If the parties had intended that the second port might be any port in the island, without distinction, they could very easily have adopted language that would convey that meaning. We cannot do it for them, without altering their contract.

It does not remove the difficulty, that the contract provides for an increase of premium "if second port in Cuba is used." This provision can only apply to the "second" port in Cuba permitted by the policy, which, as we have found, must be on the north side of the island. A voyage from the north to the south side may have been subject to very different risks.

*Judgment for the defendants.*